J-S12025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFF LAVALLIERE, | |
| Appellant | No. 1056 EDA 2014 |

Appeal from the Judgment of Sentence March 14, 2014,
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000137-2013, CP-51-CR-0000139-2013

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 30, 2016**

Appellant, Jeff Lavalliere, appeals from the judgment of sentence entered following his convictions at docket number CP-51-CR-0000137-2013 of one count each of simple assault, possessing instruments of crime ("PIC"), and recklessly endangering another person ("REAP"), and at docket number CP-51-CR-0000139-2013 of one count of REAP.  We affirm.

The trial court summarized the underlying facts of this case as follows:

> On December 14, 2012, [Appellant] was working as a security guard at Old Silver Lounge, Charlie B located at 153 East Chelten Avenue. N.T. 1/7/14 pp. 15, 120-121. [Appellant] began his shift at 9:00 p.m.  N.T. 1/7/14 p. 121.  At

_____

[*]  Former Justice specially assigned to the Superior Court.

- 1 -

approximately 11:45 p.m., Complainant, Frances Myrick,[2] lost her cell phone inside the establishment and reported it to [Appellant]. N.T. 1/7/14 pp. 15-18. [Appellant] entered the bar in an attempt to locate the missing cell phone. N.T. 1/7/14 pp. 18, 122. Ms. Myrick was intoxicated and became angry when her cell phone was not located, and was asked to leave the bar. N.T. 1/7/14 pp. 18-19, 77, 122-123. Ms. Myrick, and Complainant, Curtis Richardson, left the bar with approximately six other people. N.T. 1/7/14 pp. 18-19. Ms. Myrick remained by the door and attempted to re-enter the bar. N.T. 1/7/14 pp. 20, 123. [Appellant] forcefully told her that she could not re-enter and blocked her from gaining entry. N.T. 1/7/14 pp. 20, 22, 124. [Appellant] and Ms. Myrick began to physically engage and tussle. N.T. 1/7/14 pp. 22-24. A crowd began to form, approximately 10-15 people. N.T. 1/7/14 pp. 38-39, 80. [Appellant] grabbed Ms. Myrick's arms, attempted to restrain her, and handcuffed her. N.T. 1/7/14 p. 125. Members of Ms. Myrick's group converged toward [Appellant]. N.T 1/7/14 p. 126. [Appellant] dragged Ms. Myrick into the street and eventually backed into a parked car. N.T. 1/7/14 pp. 24, 26, 29, 80, 126. [Appellant] ultimately handcuffed Ms. Myrick in the street and planted his knee in her back. N.T. 1/7/14 pp. 25-28. The crowd was approximately eight feet away from [Appellant] and Ms. Myrick. N.T. 1/7/14 p. 27.

> [2] Complainant, Frances Myrick, was also referred to as: Frances Mar and Tiffany Myrick throughout the course of the trial.

[Appellant] told the crowd to "back up." N.T. 1/7/14 p. 31. [Appellant] then fired his gun three times in the direction of Mr. Richardson. N.T. 1/7/14 p. 28. The police were notified and arrived within fifteen seconds of receiving the call. N.T. 1/7/14 p. 50. Police officer Dohan arrived and observed [Appellant] over the handcuffed Ms. Myrick with his knee on her back in the middle of the street. N.T. 1/7/14 pp. 50-51, 53. Officer Dohan smelled gun powder in the air and observed multiple shell casings near [Appellant]. N.T. 1/7/14 pp. 51, 54. Ms. Myrick was transported to the hospital and treated for a large cut on her jawline. N.T. 1/7/14 pp. 56, 66. [Appellant] was detained and subsequently arrested. N.T. 1/7/14 p. 57.

Trial Court Opinion, 7/9/15, at 3-4.

On January 16, 2013, in an information filed at docket number CP-51-CR-0000137-2013 identifying Curtis Richardson as the victim, Appellant was charged with aggravated assault, PIC, simple assault, and REAP. Also on January 16, 2013, in an information filed at docket number CP-51-CR-0000139-2013 naming Francis Myrick as the victim, Appellant was charged with aggravated assault, PIC, simple assault, and REAP.

A nonjury trial was held on January 7, 2014. Subsequently, on January 10, 2014, the trial court found Appellant guilty of one count each of PIC, simple assault, and REAP at docket number CP-51-CR-0000137-2013, and guilty of one count of REAP at docket number CP-51-CR-0000139-2013. On January 21, 2014, Appellant filed identical post-trial motions for judgment of acquittal at each docket number that alleged the Commonwealth failed to present sufficient evidence to prove the crimes of which Appellant was convicted. The trial court denied Appellant's post-trial motions on March 14, 2014. Also on March 14, 2014, at docket number CP-51-CR-0000137-2013, the trial court sentenced Appellant to serve a term of probation of two years on the conviction of simple assault, a term of probation of three years on the conviction of PIC, and no further penalty on the conviction of REAP. At docket number CP-51-CR-0000139-2013, the trial court sentenced Appellant to serve a term of probation of two years on the conviction of REAP. All probationary terms were ordered to be served concurrently. On April 2, 2014, Appellant filed a timely notice of appeal.

On May 29, 2014, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Thus, Appellant's Pa.R.A.P. 1925(b) statement was due on or before June 19, 2014. However, Appellant's counsel did not file a timely Pa.R.A.P. 1925(b) statement. On June 24, 2014, the trial court issued an opinion, highlighting Appellant's failure to file a Pa.R.A.P. 1925(b) statement and indicating that all issues had been waived for purposes of appeal. Coincidentally, Appellant's counsel filed an untimely Pa.R.A.P. 1925(b) statement on June 24, 2014.

On February 27, 2015, this Court issued a memorandum decision in which we remanded the matter for the filing of a Pa.R.A.P. 1925(b) statement, a trial court opinion pursuant to Pa.R.A.P. 1925(a), and the issuance of a new briefing schedule. Both Appellant and the trial court have complied with our directive. This case is now ripe for our disposition.

Appellant has presented the following issues for our review:

I. Whether the trial court abused its discretion by dismissing [Appellant's] appeal where [Appellant] timely filed a statement of errors upon receiving notification of a request to file the statement.

II. Whether [Appellant's] conviction for simple assault, reckless endangerment of another person, and possession of an instrument of crime should be vacated where the evidence at trial was legally insufficient to support the convictions?

III. Whether [Appellant's] conviction for simple assault and possession of an instrument of crime should be vacated because the conviction is against the weight of the evidence and [Appellant] was acquitted of aggravated assault?

- 4 -

IV. Whether [Appellant's] conviction for reckless endangerment of another person should be vacated because it is against the weight of the evidence and [Appellant] was acquitted of aggravated assault?

V. Whether [Appellant's] conviction should be vacated because the trial court erred by failing to consider the character evidence of one of the witnesses?

VI. Whether [Appellant] should be granted a new trial because the verdict is inconsistent with the evidence presented at trial?

Appellant's Brief at 5-6.[1]

Appellant's first issue pertains to the trial court's initial Pa.R.A.P. 1925(a) opinion of June 24, 2014, wherein the trial court concluded that, due to Appellant's failure to file a timely Pa.R.A.P. 1925(b) statement, his

_____

[1] We note that, excluding tables and appendices, Appellant's brief is sixty-four pages long. Pursuant to Pa.R.A.P. 2135, a principal brief is limited to 14,000 words, and when the brief exceeds thirty pages, the appellant must certify with the appellate court that the brief complies with the word limitation. Herein, Appellant included in his brief a certification that the brief contains 14,118 words, which obviously exceeds the word limitation. However, because Appellant's violation of Pa.R.A.P. 2135 is not so defective as to preclude effective appellate review, we decline to dismiss the brief or quash the appeal. *See In re Estate of Glover*, 669 A.2d 1011, 1017 n.1 (Pa. Super. 1996) ("While we agree that the brief, which contains 69 pages, does violate the page limitation of Pa.R.A.P. 2135, . . . [s]ince the brief is not so defective as to preclude effective appellate review, we will not quash the instant appeal."). *See also Commonwealth v. McEachin*, 537 A.2d 883, 885 n.1 (Pa. Super. 1988) (declining to quash appeal under Pa.R.A.P. 2101 and Pa.R.A.P. 2135 where ninety-six page brief did not preclude effective appellate review).

issues were waived.[2] Appellant's Brief at 24-28. As we previously stated, in this Court's memorandum filed on February 27, 2015, we remanded the matter to the trial court for the filing of a Pa.R.A.P. 1925(b) statement by Appellant and the completion of a Pa.R.A.P. 1925(a) opinion by the trial court.

The certified record currently before us reflects that, pursuant to our remand, on March 2, 2015, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant filed his Pa.R.A.P. 1925(b) statement on March 10, 2015. Thereafter, on July 9, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it addressed the issues presented by Appellant. In light of the fact that our previous remand corrected any issues concerning the lack of a timely filed Pa.R.A.P. 1925(b) statement and corresponding Pa.R.A.P. 1925(a) opinion, we discern no reason to address Appellant's issue further.

Appellant next argues that the Commonwealth failed to present sufficient evidence to support his convictions. Appellant's Brief at 28-38.

---

[2] Counsel for Appellant attempts to excuse the late filing of Appellant's Pa.R.A.P. 1925(b) statement with an allegation that the trial court never provided counsel with a copy of the May 29, 2014 order directing Appellant to file the Pa.R.A.P. 1925(b) statement. However, our review of the certified record reflects that said order was entered on the trial court's docket on May 29, 2014, and there is a notation on the docket that copies were mailed to Appellant's counsel and the Commonwealth on that date. Furthermore, appended to the original May 29, 2014 order is a "Proof of Service" reflecting that the order was sent to Appellant's counsel *via* first class mail on May 29, 2014.

Appellant claims that the Commonwealth failed to establish the requisite intent necessary for his convictions of simple assault, REAP, and PIC.[3]

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. (quoting *Commonwealth v. Brewer*, 876 A.2d

---

[3] In addition, Appellant contends that the trial court failed to properly consider his evidence and wrongly credited the testimony presented by the Commonwealth in determining the verdicts. A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony. *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa. Super. 2003). Such a claim is more properly characterized as a weight of the evidence challenge. *Id*. A challenge to the weight of the evidence questions which evidence is to be believed. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006). Indeed, claims challenging the weight of the evidence and sufficiency of the evidence are clearly distinct. *See* *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) (discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim that the verdict is against the weight of the evidence). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006) (quoting *Commonwealth v. Galindes*, 786 A.2d 1004, 1013 (Pa. Super. 2001)). Therefore, to the extent that Appellant intermingles his sufficiency argument with challenges to the trial court's findings pertaining to the credibility of the witnesses and determination of the weight of the evidence presented, we will address Appellant's weight of the evidence claims later in this memorandum.

1029, 1032 (Pa. Super. 2005)). However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. *Id*. In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *Id*. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

The crime of simple assault is codified in the Pennsylvania Crimes Code and provides, in pertinent part, as follows. "A person is guilty of assault if he … attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S. § 2701(a)(3). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

For a conviction of simple assault by physical menace, "[t]he elements which must be proven are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity." *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003) (citing *Commonwealth v. Little*, 614 A.2d 1146, 1151 (Pa. Super. 1992)).

"Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Id*.

Our Crimes Code defines REAP as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S. § 2705. Section 2705 is satisfied where a defendant's conduct "places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Further, we have held that "[t]he crime of REAP is a crime of assault which requires the creation of danger. As such, there must be an actual present ability to inflict harm. . . . [T]he mere apparent ability to inflict harm is not sufficient. Danger, and not merely the apprehension of danger, must be created." *Commonwealth v. Reynolds*, 835 A.2d 720, 727-728 (Pa. Super. 2003) (internal quotation marks and citations omitted). Under the plain terms of the statute, a REAP conviction is supportable even where the victim suffered no actual injury. *See Commonwealth v. Rahman*, 75 A.3d 497, 502-503 (Pa. Super. 2013) (evidence was sufficient to support REAP conviction where the defendant "thr[ew] punches at [a police officer] on a stairwell on a crowded balcony next to a glass divide;" although the officer did not actually fall down the stairs, the evidence was sufficient to place the officer "in danger of death or serious bodily injury" because the defendant's actions "easily could have caused [the officer] to lose his footing and fall down the stairs");

***Commonwealth v. Hartzell***, 988 A.2d 141, 143-144 (Pa. Super. 2009) (explaining that the evidence was sufficient to support the appellant's two REAP convictions because: "The testimony established that from a distance of approximately 30 yards, appellant fired into the creek near the bridge, approximately 25 to 30 feet away from the [victims'] location on the bridge. Although appellant may not have pointed the weapon directly at the two [victims], it was pointed in their general direction.  Moreover, the evidence established that the water was rather shallow and there were rocks in the stream. . . .  Thus, it is hardly inconceivable that a bullet fired into the stream nearby could have struck a rock or other object and deflected up and hit one of the two men"); ***Reynolds***, 835 A.2d at 729 (pointing a loaded gun at an individual created the danger of death or serious bodily injury and the evidence was thus sufficient to support the defendant's REAP conviction).

The offense of PIC is defined, in relevant part, as follows:

**§ 907. Possessing instruments of crime.**

(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with the intent to employ it criminally.

18 Pa.C.S. § 907(a).

"'[I]t is the actor's criminal purpose that provides the touchstone of his liability' for possessing an instrument of crime." ***Commonwealth v. Andrews***, 768 A.2d 309, 317-318 (Pa. 2001).  It has long held that an "appellant's use of a loaded gun on his victim is more than sufficient to

establish his guilt of possession of an instrument of crime."
***Commonwealth v. Santiago***, 980 A.2d 659, 662 (Pa. Super. 2009)
(quoting ***Commonwealth v. McNair***, 603 A.2d 1014, 1017 (Pa. 1992)).
We have held that wholly circumstantial evidence is sufficient to support a
conviction of PIC. ***See Commonwealth v. Young***, 692 A.2d 1112, 1114
(Pa. Super. 1997) (holding that circumstantial evidence was sufficient to
sustain conviction of PIC).

Further, we are mindful that "[w]here an appellant has been acquitted
of the underlying crime, and no other evidence has been presented to
establish criminal intent, an appellant cannot be deemed to possess the
requisite intent to employ a weapon criminally -- a prerequisite to a
conviction for PIC." ***Commonwealth v. Weston***, 749 A.2d 458, 461 (Pa.
2000). "More specifically, a conviction for PIC cannot stand if the appellant
is acquitted on the underlying charge on the basis of self defense, because
the factfinder cannot reasonably infer that the defendant intended to make
criminal use of a weapon that she employed solely in her defense." ***In the
Interest of A.C.***, 763 A.2d 889, 891 (Pa. Super. 2000) (citing ***Weston***).

We have reviewed the briefs of the parties, the certified record before
us on appeal, and the trial court opinion dated July 9, 2015. It is our
conclusion that the trial court's opinion adequately and accurately addresses
each of the challenges to the sufficiency of the evidence presented by
Appellant, specifically, Appellant's conviction of simple assault at page five,

Appellant's conviction of PIC at page six, and Appellant's convictions of REAP at pages six through seven. The trial court, sitting as finder of fact, chose to believe the evidence presented by the Commonwealth, and we will not substitute our judgment for that of the trial judge. Under the totality of the circumstances, the evidence presented at the trial, viewed in the light most favorable to the Commonwealth, is sufficient to sustain Appellant's convictions of simple assault, REAP, and PIC. Consequently, Appellant's contrary argument lacks merit. Accordingly, we affirm on the basis of the trial court's opinion and adopt its reasoning as our own.[4]

In Appellant's issues numbered three, four, and five, he argues that the verdicts were against the weight of the evidence.[5] Appellant's Brief at 38-56. In essence, Appellant claims that the trial court erred in determining the credibility of the testimony presented by Appellant and in weighing the evidence presented by the Commonwealth.

However, Appellant has failed to preserve a challenge to the weight of the evidence for our review. Pa.R.Crim.P. 607 and its comment instruct that

_____

[4] The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

[5] We note that Appellant's fifth issue contends that his convictions should be vacated because the trial court failed to properly weigh the evidence presented by Appellant and to consider the character evidence presented on Appellant's behalf. Appellant's Brief at 50-56. As we stated previously, a challenge to the weight of the evidence questions which evidence is to be believed. **Charlton**, 902 A.2d at 561. Accordingly, we conclude that this claim is also a challenge to the weight of the evidence.

in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. We reiterated in ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004), "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Id***. at 1277 (citing Pa.R.Crim.P. 607, cmt). The ***Gillard*** court concluded, "Rule 607 clearly requires that such a claim be raised initially by a motion to the trial court, and the failure to do so compels this Court to find the issue waived, even if it was ultimately addressed by the trial court in its Rule 1925(a) opinion." ***Gillard***, 850 A.2d at 1277 (citing ***Commonwealth v. Washington***, 825 A.2d 1264 (Pa. Super. 2003)).

Here, Appellant filed with the trial court a written post-trial motion for judgment of acquittal after the conclusion of his trial and prior to sentencing. However, our review of Appellant's post-trial motion reflects that he challenged only the sufficiency of the evidence in the post-trial motion, and the trial court denied the motion prior to sentencing. Subsequently, Appellant raised his claims that the verdicts were against the weight of the evidence in his Pa.R.A.P. 1925(b) statement. Hence, we conclude that the issues challenging the weight of the evidence are waived. Pa.R.Crim.P. 607; ***Gillard***, 850 A.2d at 1277.

In his next argument, Appellant again contends that he should be granted a new trial because the verdict was not supported by the evidence. Appellant's Brief at 56-58. To the extent that Appellant repeats his challenges to the sufficiency of the evidence, we have concluded that such claims lack merit. Furthermore, to the extent Appellant is again attempting to challenge the weight of the evidence, as discussed above, any such claim is waived for failing to present the issue properly to the trial court.

In addition, Appellant also suggests that because he was acquitted of aggravated assault he could not be convicted of the remaining crimes.

We have long stated the following:

> This Court has held that consistency in verdicts in criminal cases is not necessary. It is well-settled that juries may render inconsistent verdicts. [J]udges have the same powers as juries when a jury trial is waived. Accordingly, a judge, in a non-jury trial, has the power to render inconsistent verdicts. As such, this Court will not disturb a guilty verdict on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict.

*Commonwealth v. Coon*, 695 A.2d 794, 799 (Pa. Super. 1997) (citations and quotation marks omitted). As our Supreme Court explained, "[A]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Campbell*, 651 A.2d 1096, 1100 (Pa. 1994). Accordingly, we conclude that Appellant's claim that his convictions were not supported by the evidence based upon the fact that he was acquitted of one particular charge lacks merit.

Finally, Appellant contends that he is entitled to a new trial because his due process rights were violated when a potential defense witness was allegedly intimidated by one of Appellant's victims. Appellant's Brief at 58-63. Appellant has appended to his brief a notarized hand-written affidavit, signed by a person who alleges to have been present at the incident, in which the person avers that he did not appear as a witness at trial due to threats from one of the victims. Although this issue was brought to the trial court's attention immediately before sentencing on March 14, 2014, the trial court chose to proceed with the sentencing hearing and asked counsel whether the parties would be prepared to hold a hearing on the claim on April 25, 2014.

The relevant text from the sentencing hearing follows:

THE COURT: What else is there that you wish – if anything – for the Court to consider before we proceed to sentencing?

[DEFENSE COUNSEL]: Well, Your Honor, it has recently come to light that one of our witnesses, Eddie Bodax (ph), who is present in the courtroom today, who is a witness that I subpoenaed to testify a[t] trial who was an eyewitness to the incident at hand – he didn't show up.

And it's come to my attention that the witness for the Commonwealth, Curtis Richardson, intimidated all witnesses, specifically him, who works at Charlie B's (ph), saying that – pretty much that if anyone comes to court to testify that he was going to threaten to do them harm. I didn't come into this information until after the trial. He's written a statement, which is notarized, and I brought him to court today. And based on that information, I believe that that should warrant a new trial.

Based on that information that the Commonwealth's only witness, who you find credible, is going to Charlie B's (ph), who

- 15 -

still goes there every day and – threatening people telling them not to come to trial to testify on my client's behalf. I believe that to be very inappropriate. It should be looked into, and a new trial should be granted.

THE COURT: I'll hear from the Commonwealth.

[ASSISTANT DISTRICT ATTORNEY]: If I may respond, Your Honor, that is a motion for extraordinary relief, Your Honor. That can be done post – after the sentencing, Your Honor. . . . This information was given to me because, the day before yesterday, when I received the letter that Your Honor was – received as well, talking about a motion for extraordinary relief.

I called counsel – I've handled many of those before – and asked him what's the basis for that. He said he – then, two days ago, gave me this information, Your Honor. I asked him for a name and date of birth. He gave me the name and date of birth, but he made a mistake – everyone makes mistakes – and I'm getting the name of this witness here today for the first time.

After that conversation, the first person I called was my complainant, because, as a prosecutor, I need to look and weigh and assess, because intimidation is obviously serious. It's happened on my side, and I take it very seriously. So, I need to call my witness, find out what happened, and weight [sic] and assess the credibility of these allegations.

My witness, despite having come to court three of four times, is willing to come in and refute these allegations, Your Honor. I do believe there probably needs to be a hearing for the motion for extraordinary relief. I will also probably be a witness in that, based on conversation[s] that I had with my witness during the process for this trial, which would go to my witness' motive to do such a thing. So, I would need another DA to handle that.

So, as I said, Your Honor, I notified counsel of all these issues yesterday – sent an email to the Court. We can proceed to sentencing today, Your honor, and then counsel can bring an oral motion for extraordinary relief.

[DEFENSE COUNSEL]: Your Honor, I'm sorry, but –

THE COURT: Do you wish to reply. Go ahead and respond.

[DEFENSE COUNSEL]: -- I'm going to respond to that. I – It's true, I don't object to a new date being issued so we can argue the rules of extraordinary relief. However, I would ask, Your Honor, if you can hold on the sentence until then. And the reason why is because a separate reason I was going to request that Your Honor stall the sentencing is because if the motion for extraordinary relief is not granted, I will be filing an appeal to Superior Court.

And pending that appeal and the outcome of that appeal, if it's not favorable towards the defense, then we can move forward with sentencing.

[ASSISTANT DISTRICT ATTORNEY]: If I may, Your Honor?

THE COURT: [Defense counsel], let me respond. We are going to proceed to sentencing today. I'm not taking any position on your motion for extraordinary relief, although we can set a date for a hearing on that matter at the conclusion of today's hearing.

[DEFENSE COUNSEL]: Okay.

N.T., 3/14/14, at 9-13.

Thereafter the trial court proceeded with the sentencing of Appellant.

At the conclusion of the sentencing hearing, the following transpired:

THE COURT: This is – on [April 25], will the parties be prepared to argue [Defense counsel's] particular [motion] for extraordinary relief?

[ASSISTANT DISTRICT ATTORNEY]: Yes, Your Honor. I will have another DA handling it. Even if I'm on trial, I can come up for the purpose of the motion. Thank you, Your Honor.

THE COURT: Is that a good date for you, Counsel?

[DEFENSE COUNSEL]: Yes.

THE COURT: Thank you.

N.T., 3/14/14, at 28.

Our review of the record further reflects that on April 2, 2014, prior to the scheduled April 25, 2014 hearing on Appellant's oral motion, Appellant filed a notice of appeal. The trial court's docket in the certified record reveals the following entry for April 25, 2014:

Motion for Extraordinary Relief

The Court does not have jurisdiction to hear Defense's Motion for Extraordinary Relief since an appeal of the guilty verdict and judgment of sentence on 3/14/14 has already been filed to the Superior Court of Pennsylvania.

Judge Ann Butchart : ADA Guari Gopal : Def Atty James Lee : DRT Robin Sturdivant : Clerk Adrian Baule (Defendant present on bail)

Certified Record at Docket Entry 4/25/14.[6] Moreover, the trial court stated the following:

On April 25, 2014, [Appellant] filed a motion for extraordinary relief alleging witness intimidation and newly discovered evidence. The Court did not entertain [Appellant's] motion due to lack of jurisdiction. [Appellant] filed his appeal with the Superior Court of Pennsylvania prior to filing his motion for extraordinary relief, as such the Court took no action.

Trial Court Opinion, 7/9/15, at 9-10. Thus, our review of the record reflects that the trial court never held a hearing on April 25, 2014, to address

---

[6] We note that the certified record before us on appeal lacks a transcript for any proceeding that may have occurred on April 25, 2014.

Appellant's motion and did not address any issue he presented therein.[7] This poses a problem because we are not a fact-finding court. **See Commonwealth v. Grant**, 813 A.2d 726, 734 (Pa. 2002) (noting that appellate courts do not act as fact finders). We decline Appellant's invitations to have this Court address the merits of his allegation of witness intimidation and grant him a new trial on that basis because this Court is not a fact-finding court. As he admits in his appellate brief, Appellant may raise this issue in a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant's Brief at 61-63. In addition, the Commonwealth has agreed that Appellant "must wait to raise this claim in a PCRA petition." Commonwealth's Brief at 25. Accordingly, we dismiss Appellant's issue without prejudice to raise this claim in a timely PCRA petition.

Judgment of sentence affirmed.

---

[7] We further note that Appellant's motion for extraordinary relief is not included in the certified record before us on appeal. Likewise, the affidavit allegedly presented to the trial court is not contained in the certified record. However, as previously stated, the proffered witness's affidavit is appended to Appellant's brief to this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

JEFF LAVALLIERE

CP-51-CR-0000137-2013 Comm. v. Lavalliere, Jeff
Opinion

7317509931

**OPINION**

BUTCHART, J.

CP-51-CR-0000137-2013
CP-51-CR-0000139-2013

1056 EDA 2014

**FILED**

July 9, 2015     JUL 0 9 2015

Criminal Appeals Unit
First Judicial District of PA

I.     **PROCEDURAL BACKGROUND**

On January 7, 2014, following a non-jury trial before this Court, Jeff Lavalliere

("Defendant") was convicted at docket number CP-51-CR-0000137-2013 of one count of Simple

Assault (18 Pa.C.S. § 2701), one count of Possessing Instruments of Crime ("PIC") (18 Pa.C.S. §

907), and one count of Recklessly Endangering Another Person ("REAP") (18 Pa.C.S. § 2705).

At docket number CP-51-CR-0000139-2013, Defendant was convicted of one count of REAP.

On January 21, 2014, defendant filed a post-trial motion for judgment of acquittal. On March

14, 2014, the Court denied defendant's motion.

On that date, the Court imposed a sentence of two years reporting probation on the charge

of Simple Assault, three years reporting probation on the charge of PIC, and no further penalty

on the charge of REAP for docket number CP-51-CR-0000137-2013 (Complainant, Curtis

Richardson). The Court also imposed two years reporting probation on the count of REAP for

docket number CP-51-CR-0000139-2013 (Complainant, Frances Myrick). All probationary

terms were ordered to be served concurrently.

On April 2, 2014, Defendant filed a Notice of Appeal from the judgment of sentence to

the Superior Court of Pennsylvania. On April 25, 2014, Defendant filed a motion for

1

extraordinary relief in the Court of Common Pleas of Philadelphia County. This Court did not entertain the motion due to lack of jurisdiction. Thereafter, on May 29, 2014, this Court issued an order pursuant to Pa.R.A.P. 1925(b) directing Defendant to file a Concise Statement of Matters Complained of on Appeal by June 19, 2014. On June 24, 2014, this Court filed a waiver opinion. On March 10, 2015, Defendant filed his Concise Statement of Errors Pursuant to Pennsylvania Rules of Appellate Procedure 1925(b) ("Statement").

In his appeal, Defendant asserts that that: 1) "the verdict goes against the weight of the evidence for all crimes; 2) the evidence was insufficient to sustain a conviction for all crimes; 3) the Commonwealth stipulated to the Defendant's Character and the Court did not give proper weight to the aforementioned when determining the guilt of the Defendant; 4) the Court completely ignored case(d) that governs the law of aggravated assault and simpl(y) assault. Accordingly, all charges should be dismissed; 5) the Court, in error, found Mr. Lavalliere guilty of Recklessly Endangering the Welfare of a Person, due to the fact that his actions did not place anyone in danger of serious bodily injury of death; 6) the verdict is against the weight of the evidence due to the fact that Jeff Lavalliere was found not guilty of Aggravated Assault; 7) Jeff Lavalliere should be granted a new trial due to the fact that the verdict is inconsistent with the evidence, witness intimidation and newly discovered evidence. Statement at ¶¶ 1-7.[1] For the reasons set forth below, Defendant's claims are without merit and the judgment of sentence should be affirmed.

---

[1] For ease of disposition, these claims have been reordered and claims addressing the same subject matter have been combined in the Discussion section. Defendant's fifth claim, *i.e.*, that the Court erred in finding Defendant guilty of REAP is addressed and encompassed in Defendant's second claim. Defendant's fourth claim, that the Court ignored case law that governs the law of Aggravated Assault and Simple Assault and all charges should be dismissed is waived due to vagueness/failure to state a cognizable claim.

2

## II.   FACTUAL BACKGROUND

At trial, the Commonwealth presented the testimony of Complainant, Curtis Richardson, Philadelphia Police Officer Dohan and Philadelphia Police Detective Cremen. Defendant testified and also presented the testimony of John Solomon, Clifford Jeudy, and Joseph Gaskin. Viewed in the light most favorable to the Commonwealth as the verdict winner, their testimony established the following.

On December 14, 2012, Defendant was working as a security guard at Old Silver Lounge, Charlie B located at 153 East Chelten Avenue. N.T. 1/7/14 pp. 15, 120-121. Defendant began his shift at 9:00 p.m. N.T. 1/7/14 p. 121. At approximately 11:45 p.m., Complainant, Frances Myrick,[2] lost her cell phone inside the establishment and reported it to Defendant. N.T. 1/7/14 pp. 15-18. Defendant entered the bar in an attempt to locate the missing cell phone. N.T. 1/7/14 pp. 18, 122. Ms. Myrick was intoxicated and became angry when her cell phone was not located, and was asked to leave the bar. N.T. 1/7/14 pp. 18-19, 77, 122-123. Ms. Myrick, and Complainant, Curtis Richardson, left the bar with approximately six other people. N.T. 1/7/14 pp. 18-19. Ms. Myrick remained by the door and attempted to re-enter the bar. N.T. 1/7/14 pp. 20, 123. Defendant forcefully told her that she could not re-enter and blocked her from gaining entry. N.T. 1/7/14 pp. 20, 22, 124. Defendant and Ms. Myrick began to physically engage and tussle. N.T. 1/7/14 pp. 22-24. A crowd began to form, approximately 10-15 people. N.T. 1/7/14 pp. 38-39, 80. Defendant grabbed Ms. Myrick's arms, attempted to restrain her, and handcuffed her. N.T. 1/7/14 p. 125. Members of Ms. Myrick's group converged toward Defendant. N.T

---

[2] Complainant, Frances Myrick, was also referred to as: Frances Mar and Tiffany Myrick throughout the course of the trial.

3

1/7/14 p. 126. Defendant dragged Ms. Myrick into the street and eventually backed into a parked car. N.T. 1/7/14 pp. 24, 26, 29, 80, 126. Defendant ultimately handcuffed Ms. Myrick in the street and planted his knee in her back. N.T. 1/7/14 pp. 25-28. The crowd was approximately eight feet away from Defendant and Ms. Myrick. N.T. 1/7/14 p. 27.

Defendant told the crowd to "back up." N.T. 1/7/14 p. 31. Defendant then fired his gun three times in the direction of Mr. Richardson. N.T. 1/7/14 p. 28. The police were notified and arrived within fifteen seconds of receiving the call. N.T. 1/7/14 p. 50. Police officer Dohan arrived and observed Defendant over the handcuffed Ms. Myrick with his knee on her back in the middle of the street. N.T. 1/7/14 pp. 50-51, 53. Officer Dohan smelled gun powder in the air and observed multiple shell casings near Defendant. N.T. 1/7/14 pp. 51, 54. Ms. Myrick was transported to the hospital and treated for a large cut on her jawline. N.T. 1/7/14 pp. 56, 66. Defendant was detained and subsequently arrested. N.T. 1/7/14 p. 57.

## III. DISCUSSION

**Sufficiency of the Evidence**

In considering a challenge to the sufficiency of the evidence, the Court must decide whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. Commonwealth v. Muniz, 5 A.3d 345, 348 (Pa. Super. 2010), *appeal denied*, 19 A.3d 1050 (Pa. 2011) (citing Commonwealth v. Hennigan, 753 A.2d 245, 253 (Pa. Super. 2000)). The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.

Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn

4

from the combined circumstances. Commonwealth v. Cassidy, 668 A.2d 1143, 1144 (Pa. Super. 1995), *appeal denied*, 681 A.2d 176 (Pa. 1996) (citation omitted). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Id. "Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." Muniz, 5 A.3d at 348 (Pa. Super. 2010). Finally, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." Id.

1. Simple Assault

Defendant alleges that the evidence was insufficient to support his conviction for Simple Assault. Statement at ¶ 2. This claim is without merit.

A person is guilty of simple assault if he: "(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon; (3) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. 2701(a).

The evidence established that Defendant attempted to place Mr. Richardson in fear of imminent serious bodily injury when he fired his gun three times in his direction. N.T. 1/7/14 p. 28. Mr. Richardson was approximately eight feet away from Defendant, was merely speaking, and made no movement toward Defendant. N.T. 1/7/14 pp. 27-28. In Pennsylvania, it is unlawful to point a firearm at another, whether loaded or unloaded. Commonwealth. v. Musi, 404 A.2d 378, 381 (Pa. 1979). In the instant matter, Defendant pointed a loaded firearm at Mr. Richardson and shot in his direction three times. The evidence was sufficient for the fact-finder to conclude, beyond a reasonable doubt, that Defendant placed Mr. Richardson in fear of imminent serious bodily injury.

5

## 2. PIC

Defendant alleges that the evidence was insufficient to support his conviction for PIC. Statement at ¶ 2. This claim is without merit.

To sustain a conviction for PIC, the Commonwealth must establish, *inter alia*, that Defendant "possesse[d] any instrument of crime with intent to employ it criminally." 18 Pa.C.S. §907(a). An "instrument of crime" is defined as "(1) [a]nything specially made or specially adapted for criminal use...[or] (2) [a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have...." 18 Pa.C.S. §907(d).

In an attempt to place Mr. Richardson in fear of serious of death or bodily injury, Defendant fired at him from approximately eight feet away. The evidence established that Defendant possessed a loaded gun, which he pointed and shot three times in the direction of Mr. Richardson. N.T. 1/7/14 pp. 27-28, 44, 52, 80, 127. The testimony of Officer Dohan, Mr. Richardson, and the physical evidence [3] presented to the Court supported the charge of PIC and Defendant's reckless conduct. N.T. 1/7/14 pp. 63-64. Accordingly, the evidence was sufficient for the fact-finder to conclude, beyond a reasonable doubt, that Defendant criminally employed the gun.

## 3. REAP

Defendant alleges that the evidence was insufficient to support his conviction for REAP. Statement at ¶ 2. This claim is without merit.

To sustain a conviction for REAP, the Commonwealth must establish that Defendant "recklessly engage[d] in conduct which place[d] or [could] place another person in danger of death or serious bodily injury. 18 Pa.C.S. §2705. The Commonwealth must prove that

---

[3] According to Officer Dohan, the physical evidence corroborated Mr. Richardson's version of events. N.T. 1/7/14 p. 63-64.

6

defendant had an actual present ability to inflict harm and danger was created. Commonwealth v. Martuscelli, 54 A.3d 940 (Pa. Super. 2012).

The evidence established that Defendant recklessly engaged in conduct which placed both Mr. Richardson and Ms. Myrick in danger of death or serious bodily injury. Defendant fired three shots in the direction of Mr. Richardson who was standing approximately eight feet away from him. N.T. 1/7/14 pp. 27-28, 44. By firing his gun three times at close range, Defendant clearly placed Mr. Richardson in danger of both death and serious bodily injury. Ms. Myrick was dragged and eventually handcuffed by Defendant in the middle of a two-lane street. N.T. 1/7/14 pp. 26, 51, 53, 80. Ms. Myrick was placed in grave danger of being struck by a passing vehicle because not only was she handcuffed, she was also pinned on the ground by Defendant with his knee in her back. N.T. 1/7/14 pp. 28, 51, 53, 59. Accordingly, the evidence was sufficient for the fact-finder to conclude, beyond a reasonable doubt, that Defendant engaged in reckless conduct that placed both Mr. Richardson and Ms. Myrick in danger of death or seriously bodily injury.

**Weight of the Evidence**

Defendant next argues that "the verdict goes against the weight of the evidence for all crimes." Statement at ¶ 1. This claim is without merit.

It is well-established that a new trial may only be granted by the trial court where the verdict was so contrary to the weight of the evidence as to "shock one's sense of justice." Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004), *appeal denied*, 878 A.2d 864 (Pa. 2005) (quoting Commonwealth v. Hunter, 554 A.2d 550, 555) (Pa. Super. 1989)). Moreover, credibility determinations are solely within the province of the fact-finder, and "an appellate court may not reweigh the evidence and substitute its judgment for that of the finder of

7

fact." Commonwealth v. Taylor, 63 A.3d 327 (Pa. Super. 2013) (quoting Commonwealth v. Shaffer, 40 A.3d 1250, 1253 (Pa. Super. 2012)). Whether a new trial should be granted on the ground that a conviction was against the weight of the evidence is addressed to the sound discretion of the trial judge, and that decision will not be reversed on appeal absent a showing of abuse of discretion. Commonwealth v. Petteway, 847 A.2d 713, 716 (Pa. Super. 2004) (citing Commonwealth v. Davis, 799 A.2d 860, 865 (Pa. Super. 2002)).

In this matter, the trial evidence clearly established that Defendant committed the crimes for which he was convicted. The Court credited the testimony of Mr. Richardson, Officer Dohan, and Detective Cremen along with the other evidence presented at trial over Defendant's testimony. Because the evidence fully supported the verdicts, the Court did not abuse its discretion in denying Defendant's motion for a new trial.

Defendant further alleges that "the verdict is against the weight of the evidence due to the fact that Jeff Lavalliere was found not guilty of aggravated assault." Statement at ¶ 6. This claim is without merit.

The Court interprets this statement to mean that because Defendant was found not guilty of aggravated assault, it was untenable for him to be found guilty of simple assault. Defendant conflates two distinct charges, each of which has separate elements and intent requirements. "For aggravated assault purposes, an 'attempt' is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." Commonwealth. v. Fortune, 68 A.3d 980, 984 appeal denied, 78 A.3d 1089 (Pa. Super. 2013) (citations omitted). "An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances." Id.

8

Based on the evidence, the Court found that Defendant did not possess the specific intent to inflict serious bodily injury on Mr. Richardson. Rather, the Court determined that when Defendant fired three shots in the direction of Mr. Richardson, he "attempted by physical menace to put [him] in fear of imminent serious bodily injury." *See* 18 Pa. C.S. 2701(a). As such, the evidence fully supported the Court's finding.

Defendant also alleges that "the Commonwealth stipulated to the Defendant's character and the Court did not give proper weight to the aforementioned when determining the guilt of the Defendant." Statement at ¶ 3. This claim is without merit.

"It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has 'proper relation to the subject matter' of the charge at issue." Commonwealth v. Luther, 463 A.2d 1073, 1077 (Pa. Super. 1983). Evidence of good character should be regarded as evidence of substantive fact just as any other evidence tending to establish innocence, and may be considered by the fact-finder in connection with all evidence presented in the case on the general issue of innocence or guilt. Id. The Court, as the finder of fact, was free to credit the evidence presented by the Commonwealth, and reject the character evidence presented by Defendant. No relief is due.

Lastly, Defendant alleges that "Jeff Lavalliere should be granted a new trial due to the fact that the verdict is inconsistent with the evidence, witness intimidation and newly discovered evidence." Statement at ¶ 7. This claim is without merit.

As indicated *supra*, the verdicts were consistent with the evidence presented at trial. Furthermore, on April 2, 2014, Defendant filed a Notice of Appeal from the judgment of sentence. On April 25, 2014, Defendant filed a motion for extraordinary relief alleging witness

9

intimidation and newly discovered evidence. The Court did not entertain Defendant's motion due to lack of jurisdiction. Defendant filed his appeal with the Superior Court of Pennsylvania prior to filing his motion for extraordinary relief, as such the Court took no action.

## IV. CONCLUSION

For all the foregoing reasons, the Court's judgment of sentence should be affirmed.

BY THE COURT:

ANN M. BUTCHART, J.

10